IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS JOHNSON, | No. C 11-0159 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

## ANALYSIS

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

1  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
2  court must "specify all the grounds for relief which are available to the petitioner ... and shall
3  set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of
4  the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not
5  sufficient, for the petition is expected to state facts that point to a 'real possibility of
6  constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
7  688, 689 (1st Cir. 1970)).

**B.   LEGAL CLAIMS**

Petitioner's claims argue that the denial of parole violated his right to due process because there was not sufficient evidence of his current dangerousness.  For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination.  *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011).  The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at 4-5.  The parole hearing transcript attached to the petition makes it clear that Petitioner received an opportunity to be heard and a statement of the reasons parole was denied.  The Constitution does not require more.  *Id.* at 5.  In *Swarthout*, the Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement."  *Ibid.*  It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."  *Id.* at 6.  In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, the petition fails to state a cognizable claim for relief.

In light of this conclusion, petitioner's request for appointment of counsel is denied.

//

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February   14  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\JOHNSON0159.DSM.wpd

3